The Honorable Mike Wilson State Representative P.O. Box 5269 Jacksonville, AR 72076
Dear Representative Wilson:
This is in response to your request for an opinion regarding the Municipal Ambulance Licensing Act ("the Act"), which is codified at A.C.A. §§ 14-266-101—110 (1987 and Cum. Supp. 1991). You state that Pafford Medical Transportation of Jacksonville ("Pafford") proposes to contract with St. Vincent Infirmary for the use of an ambulance and driver. You have presented the following set of facts in this regard:
 Under the proposed agreement, St. Vincent Infirmary will pay Pafford a fixed fee for the use of only a vehicle and driver; St. Vincent Infirmary will furnish a medical team to care for patients; and transfers will be made from St. Vincent Infirmary to other area hospitals inside and outside the City of Little Rock as directed by St. Vincent Infirmary. St. Vincent Infirmary will charge its patients for the transfers, and be responsible to the patients for their care in transit.
Your question is whether the City of Little Rock ("the City") has any authority to prohibit this transaction, or activities under the proposed agreement. You indicate that you believe such an arrangement is "not-for-hire on a fee for service" basis, and that it is outside the city's regulatory authority, pursuant to A.C.A. §§ 14-266-103(2) (1987) and 14-266-105(a)(5) (Cum. Supp. 1991). The City has expressed its view that the arrangement violates the exclusivity provisions of a City ordinance that prohibits any intracity emergency or nonemergency hospital care (Little Rock, Ark., Rev. Code § 5-63 (1988)), as well as interlocal agreements between Little Rock and North Little Rock, and between Pulaski County and Little Rock.
Section 14-266-105(a)(2) (Cum. Supp. 1991) states that cities are authorized to "establish, own, operate, regulate, control, manage, permit, franchise, license, and contract with, exclusively or otherwise, emergency medical services, ambulances, ambulance companies, and their relative properties, facilities, equipment, personnel, and any and all aspects attendant to emergency medical services and ambulance operations. . . ." Section 14-266-102(b)(3) (Cum. Supp. 1991) states that cities of the first and second class are delegated the power to ". . . contract exclusively or otherwise, using competitive procurement methods, for the provision of emergency medical services and ambulance services for the city. . . ." The purpose of this legislation is reflected in § 14-266-102(b)(1) (Cum. Supp. 1991), wherein it states:
 It is further legislatively determined that emergency medical services and ambulance operations, when subjected to competitive practices of multiple companies simultaneously serving the same city, operate under precarious financial conditions and that this type of competition is harmful to the health, safety, and welfare of residents of the state.
It thus appears that Pafford's emergency medical services and ambulance operations would generally fall within the city's regulatory authority, at least insofar as intracity patient transports and intercity and intracounty patient transports originating from within the City are concerned. See A.C.A. §14-266-105(b)(5) (Cum. Supp. 1991). The question arises, however, whether this particular arrangement falls within the Act, whereby one of the company's vehicles and a driver are hired by a hospital for a fixed fee to serve its patients. Consideration must be given in this regard to A.C.A. §§ 14-266-103 and14-266-105, which state in relevant part, as follows:
 `Nonemergency ambulance services' means the transport in a motor vehicle to or from medical facilities including, but not limited to, hospitals, nursing homes, physician's offices, and other health care facilities of persons who are infirm or injured and who are transported in a reclining position; however, not-for-hire on a fee-for-service basis transportation furnished by licensed hospitals and licensed nursing homes to their own admitted patients or residents and individual not-for-hire transportation shall be excluded. [Emphasis added.]
A.C.A. § 14-266-103(2).
 However, this chapter shall not restrict or allow local regulation of not-for-hire on a fee-for-service basis transportation. . . .
A.C.A. § 14-266-105(a)(5).
Although the answer to your question is by no means clear from a reading of the Act, it is my opinion that the arrangement in question in all likelihood falls under the exception for "not-for-hire on a fee-for-service basis transportation" furnished by the hospital to its patients, and is therefore outside the city's regulatory authority. As noted above, the purpose of the Act is reflected in § 14-266-102(b)(1), which appears to focus on concerns surrounding ". . . competitive practices of multiple companies simultaneously serving the same city." I do not believe these concerns are sufficiently implicated where, as here, the hospital is providing transportation to its own patients, and the ambulance and driver are not available to provide services in the city "for-hire" on a "fee-for-service basis." As noted above, however, this question is not easily resolved, due primarily to the absence of a definition of the phrase "not-for-hire on a fee-for-service basis transportation." Legislative clarification or judicial review may, therefore, be indicated.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh